**FILED**
**Jun 08, 2026**
**01:21 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **Terry Painter,**<br>            **Employee**,<br><br>v.<br><br>**Hollingshead Development, LLC,**<br>            **Employer**,<br>**And**<br>**LM Insurance Corporation,**<br>            **Carrier**. | **Docket No. 2025-10-7199**<br><br><br>**State File No. 55082-2024**<br><br><br>**Judge Audrey Headrick** |

## EXPEDITED HEARING ORDER
### *(Decision on the Record)*

Mr. Painter requested an order requiring Hollingshead to authorize Dr. Mark Freeman to evaluate his hip and pay additional temporary disability benefits from May 2025 forward. Hollingshead countered that it recently offered a panel of hip specialists, from which Mr. Painter declined to make a selection. It also disputed Mr. Painter's entitlement to additional temporary disability benefits. For the reasons below, the Court holds Mr. Painter is not entitled to the requested benefits.

### Claim History

On August 6, 2024, Mr. Painter sustained several injuries, including a right-hip fracture, when he fell from a cement tanker truck and landed on a concrete pad. He received emergency surgery involving hardware placement from Dr. Michael Yee and underwent several months of physical therapy.

By February 2025, Dr. Yee believed Mr. Painter's bones had healed, enabling him to handle the demands of his job. Dr. Yee did not assign restrictions but recommended that Mr. Painter "continue to remain weight bearing as tolerated on the right lower and right upper extremities." He also recommended that Mr. Painter "get an impairment rating."

1

By May 2025, Dr. Yee repeated that Mr. Painter had no restrictions but recommended that he remain "weight bearing as tolerated and lifting as tolerated." Dr. Yee noted that Mr. Painter walked without an assistive device and discharged him to follow up as needed.

Hollingshead paid Mr. Painter temporary disability benefits from August 7, 2024, to May 19, 2025.

In July 2025, Mr. Painter obtained an independent medical evaluation with orthopedist Dr. Case Sanders. After examining Mr. Painter, Dr. Sanders placed him at maximum medical improvement and assigned an impairment rating.

In October 2025, Mr. Painter returned to Dr. Yee complaining of ongoing groin and hip pain. Mr. Painter reported he was full-weight bearing while walking. However, he used a cane "largely because of balance issues related to tinnitus." Dr. Yee ordered a hip CT scan and did not assign restrictions.

In December 2025, Dr. Yee referred Mr. Painter to an orthopedic hip specialist. Within the referral note, Dr. Yee referenced Mr. Painter's right-hip fracture and right-hip arthritis. Dr. Yee's addendum explained that the likelihood of arthritis was "increased due to this type of fracture related to the original workers' compensation injury." Hollingshead did not offer Mr. Painter a panel.

In March 2026, Dr. Yee responded to a causation questionnaire about the referral. He stated Mr. Painter experienced immediate right-hip pain due to a fracture. Dr. Yee said the fracture healed appropriately; however, the CT scan showed "some avascular necrosis of the femoral head with mild resultant arthritis, related to the proximal femur fracture." He also stated that severe displacement of a hip fracture can disrupt the blood flow, resulting in avascular necrosis. Dr. Yee placed Mr. Painter at maximum medical improvement for all his injuries, including avascular necrosis, and did not assign restrictions.

Hollingshead then authorized Mr. Painter to return to see hip surgeon Dr. Sanders, who performed his independent medical evaluation. Mr. Painter rejected the offer. In April, Hollingshead offered a panel, from which Mr. Painter selected Dr. Jason Rogers. However, Dr. Rogers ultimately declined to see him after reviewing his records. Hollingshead offered a revised panel that included Dr. Sanders, but Mr. Painter did not make a selection.

Mr. Painter asked the Court to order Hollingshead to authorize him to see Dr.

2

Freeman instead of selecting a hip specialist from a panel. He also asked the Court to order temporary disability benefits from May 2025 forward.

Hollingshead argued it offered Mr. Painter a panel, but he did not choose a physician. Despite offering a panel, Hollingshead also questioned causation of Mr. Painter's current hip condition. It argued that he is not entitled to additional temporary disability benefits because Dr. Michael Yee released Mr. Painter without restrictions. Hollingshead also argued Mr. Painter's own physician later placed him at maximum medical improvement in July 2025.

### Findings of Fact and Conclusions of Law

Mr. Painter must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The first issue is the referral that Dr. Yee made to an orthopedic hip specialist in December 2025. Months later, Dr. Yee's questionnaire responses showed that Mr. Painter experienced immediate right-hip pain due to a fracture. Hollingshead eventually offered Mr. Painter a panel in April 2026, but Dr. Rogers declined to see him. Hollingshead offered a revised panel, but Mr. Painter did not select a doctor. Instead, he asked the Court to order Hollingshead to authorize him to see Dr. Freeman.

When the treating physician refers an employee to a specialist, the employer must either accept a designated physician or provide a panel of specialists within three business days. *Id*. § 50-6-204(a)(3)(A)(ii). Since Dr. Yee made no specific referral, Hollingshead offered a panel. Mr. Painter's selected doctor chose not to accept him as a patient after reviewing his medical records. Therefore, the Court finds Mr. Painter is not likely to prevail at a hearing on the merits of entitlement to having Dr. Freeman designated as the authorized treating physician.

While Hollingshead offered a panel, it did so months after the referral. The record specified that the reason for Dr. Yee's referral was for Mr. Painter's right-hip fracture and resulting arthritis. Without any supporting medical proof, Hollingshead delayed offering a panel because it wanted clarification of whether the referral was related to the work injury. Parties and their lawyers are poorly positioned to formulate expert medical opinions. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). The Court refers this case to the

Compliance Program for penalty assessments based on Hollingshead's failure to timely offer a panel of orthopedic hip specialists. *Id.* § 50-6-118(a)(8)-(9).

The second issue is whether Mr. Painter is entitled to additional temporary disability benefits. He is not because Dr. Yee did not take him off work. *See Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015) (injured worker is eligible for temporary disability benefits if the worker became disabled from working due to a compensable injury, a causal connection exists between the injury and the inability to work, and the worker established the duration of the period of disability).

For temporary partial disability benefits, Mr. Painter must show that Dr. Yee returned him to work with restrictions that Hollingshead could not or would not accommodate. *Id*. at *7-8. Entitlement to temporary disability benefits end when an employee reaches maximum medical improvement. *Id.* § 50-6-207(2)(A).

Mr. Painter sought temporary disability benefits from May 2025 forward. In February 2025, Dr. Yee released Mr. Painter to "weight bearing as tolerated" and did not assign restrictions. The Court holds that this self-limiting, subjective phrase is insufficient to justify a finding regarding the extent and duration of any temporary partial disability benefits. Further, Mr. Painter's own physician placed him at maximum medical improvement in July 2025, and Dr. Yee recently declined to assign restrictions. Therefore, Mr. Painter is unlikely to prevail at a hearing on the merits in proving entitlement to these benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Painter's request for benefits at this time.

2. The parties shall appear for a status hearing on Wednesday, August 5, 2026, at 10:30 a.m. Eastern Time. The parties must call 423-634-0164 or 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

3. This case is referred to the Compliance Program for issuance of a penalty for Hollingshead's failure to timely offer a panel.

**ENTERED June 8, 2026.**


JUDGE AUDREY HEADRICK
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:

1. Mr. Painter's Affidavit
2. December 3, 2025 medical record of Dr. Yee
3. Medical questionnaire signed by Dr. Yee on March 16, 2026
4. Wage Statement
5. October 27, 2025 Erlanger Medical records of Dr. Yee
6. Medical chronology
7. Medical records of Dr. Yee
8. Independent medical evaluation by Dr. Sanders

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 8, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Nick Daseler, Employee's Attorney | X | ndaseler@wkfirm.com |
| Kitty Boyte, Employer's Attorney | X | kitty.boyte@petersonwhite.com denise.mccorkle@petersonwhite.com |
| Compliance Program | X | WCCompliance.program@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*